**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 22, 2022

Peter J. Walsh, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Mathew A. Golden, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Edward B. Micheletti, Esquire
Lauren N. Rosenello, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
Wilmington, DE 19899

Brad D. Sorrels, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

Re: *Twitter, Inc. v. Elon R. Musk et al.*,
C.A. No. 2022-0613-KSJM

Dear Counsel:

This letter decision addresses the Second Motion for Leave to Amend Defendants'

Verified Counterclaims, Answer, and Affirmative Defenses filed by Defendants Elon R.

Musk, X Holdings I, Inc. and X Holdings II, Inc. ("Defendants") on September 9, 2022.[1]

Plaintiff Twitter, Inc. filed its opposition on September 21, 2022.[2] I assume that the reader

is familiar with the background of this dispute, so I will skip to the facts germane to the

motion at issue.

---

[1] C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 440 ("Second Mot. to Amend").

[2] Dkt. 566 ("Opposition").

Defendants previously moved for leave to amend their Complaint on September 7, 2022, to add allegations concerning former Twitter employee Peiter "Mudge" Zatko's federal whistleblower complaint.[3]  Through their Second Motion to Amend, Defendants seek leave to allege facts revealed to Defendants for the first time on September 3, 2022, regarding a June 28, 2022 severance agreement entered between Twitter and Zatko reflecting a $7.75 million payment to Zatko.  According to Defendants, Twitter did not seek Defendants' consent before making the payment to Zatko, although such consent was allegedly required under Section 6.1(e) of the merger agreement.

Plaintiff does not oppose the Second Motion to Amend.  This is wise given that Court of Chancery Rule 15(a) provides that leave to amend should be "freely given when justice so requires."[4]  This court interprets Rule 15(a) to "allow for liberal amendment in the interest of resolving cases on the merits."[5]  Leave to amend is therefore typically granted.

Plaintiff instead argues that granting the Second Motion to Amend should be conditioned on Defendants' compliance with Plaintiff's additional discovery demands relating to the motion.  Specifically, Plaintiff has propounded two additional document requests and one interrogatory.

The document requests sought:

---

[3] *See* Dkt. 244, Ex. A.

[4] Ct. Ch. R. 15(a).

[5] *Gould v. Gould*, 2011 WL 141168, at *7 (Del. Ch. Jan. 7, 2011).

> All communications from December 1, 2021 through August 22, 2022 between Peiter Zatko or anyone acting on his behalf, on the one hand, and Defendants or their Advisors, Lenders, or Co-investors, on the other, and any documents reflecting, referring to, or summarizing such communications, and
>
> All communications sent or received by Defendants or their Advisors, Lender, or Co-investors, from December 1, 2021 through August 22, 2022 that relate to Zatko or his July 6 complaint, including any of the allegations contained therein.[6]

The interrogatory states:

> State "yes" or "no" whether, during the period January 1, 2022 through August 22, 2022, any of Elon R. Musk; Jared Birchall; any lawyer of Skadden, Arps, Slate, Meagher & Flom LLP that did any work relating to Twitter for any of defendants; any lawyer of Quinn Emanuel Urquhart & Sullivan, LLP that did any work relating to Twitter for any of Defendants, or any employee of Morgan Stanley that did any work relating to Twitter for any of Defendants had knowledge, whether directly or indirectly obtained from Zatko or any other source, of any criticisms, allegation, opinion, or views relating to Twitter that were made or held by Zatko or were attributed to Zatko, during the period November 1, 2020 through August 22, 2022.[7]

Defendants initially refused to provide this discovery on the grounds that it was requested too late.[8] In addition, they objected to the portion of the interrogatory that asks for information regarding Morgan Stanley; it is unclear whether they objected to the rest.[9] They initially objected to the document requests on the grounds that they had "no reason

---

[6] Opposition, Ex F at 1.

[7] Opposition, Ex. G at 5.

[8] Opposition, Ex. A at 10.

[9] *Id.* at 11.

to think" that responsive documents existed.[10]  Defendants then pivoted to say that responding to the documents requests would be "unduly burdensome" to the extent such requests covered communications by "Advisors, Lenders, or Co-Investors."[11]  Twitter clarified its interrogatory and narrowed its document request.[12]  Defendants again objected.[13]

It is unclear to me from the correspondence what Defendants are agreeing to produce.  Any reply filed by Defendants in further support of the Second Motion to Amend should clarify their position.

In any event, the Second Motion to Amend is granted.  Plaintiff's request that the court allow the amendment subject to conditions relating to discovery concerning the amendment is reasonable.  I have not yet determined what scope of additional discovery should be permitted.  The parties shall present argument on the scope of additional discovery during the September 27, 2022 hearing.

IT IS SO ORDERED.

Sincerely,

/s/ Kathaleen St. Jude McCormick

Kathaleen St. Jude McCormick
Chancellor

---

[10] *Id.*

[11] *Id.* at 7–8.

[12] *Id.* at 6–7; *id.*, Ex. K at 1–2.

[13] Opposition, Ex. A at 4–5.

cc:     All counsel of record (by *File & ServeXpress*)